## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

TIMOTHY J. SHANAHAN, JR.,
MOLLI M. LARSEN, on behalf of
themselves and all others similarly
situated,

Case No.:

            Plaintiffs,

vs.

LEE LAW OFFICES, DENNIS P.
LEE, and JIMMY NEWTON,

            Defendants.

**COMPLAINT**
**and**
**JURY DEMAND**

**(Class Action)**

## I.   <u>INTRODUCTION</u>

1. This is a consumer credit class action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA" or "Act") and the Nebraska Consumer Protection Act ("NCPA") Neb.Rev.Stat. § 59-1601 *et seq.* Plaintiffs Timothy J. Shanahan, Jr. and Molli M. Larsen, on behalf of themselves and all persons similarly situated, seek a declaratory judgment, injunctive relief, actual and statutory damages against the Defendant debt collectors: Lee Law Offices, Dennis P. Lee, and Jimmy Newton.  Plaintiffs' claims arise from Defendants' routine practices of sending initial collection letters: (1) demanding payment "within thirty (30) days of the date of this letter" and/or (2) "In the event that suit is filed: In order to prevent the county sheriff from serving

1

you with a summons at your residence or place of business, you may opt to complete the enclosed Voluntary Appearance." Defendants' actions violate 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(3), § 1692e(10), and § 1692g(a). Plaintiff also alleges that each of the challenged practices violate the NCPA.

## II.    **JURISDICTION**

2. Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337. Jurisdiction over the supplemental state law claim arises under 28 U.S.C. § 1367.

3. In personal jurisdiction exists and venue is proper as Defendants regularly do business in this district. Plaintiffs are residents of this district and the alleged violations occurred here. See 28 U.S.C. § 1391.

## III.    **PARTIES**

4. Plaintiff Timothy J. Shanahan, Jr. ("Mr. Shanahan, Jr.") is an adult individual residing in Gretna, Sarpy County, Nebraska. At all times material hereto, Mr. Shanahan, Jr. and each member of the class he seeks to represent are "consumers" as that term is contemplated in § 1692a of the Act.

5. Plaintiff Molli M. Larsen ("Ms. Larsen") is an adult individual residing in Gretna, Sarpy County, Nebraska. At all times material hereto, Ms. Larsen and each member of the class she seeks to represent are "consumers" as that term is contemplated in § 1692a of the Act.

2

6. Defendant Lee Law Offices is a Nebraska law firm and collection agency engaged in the business of collecting debts due or alleged to be due to others across the state of Nebraska, with its principal place of business in Omaha, Nebraska. Lee Law Offices is a "debt collector" as that term is contemplated in § 1692a(6) of the Act. Lee Law Offices has direct involvement in the actions challenged in this lawsuit.

7. Defendant Dennis P. Lee is the owner and operator of Defendant Lee Law Offices and is himself engaged in the business of collecting debts due or alleged to be due to others across the state of Nebraska. Mr. Lee is a "debt collector" as that term is contemplated in § 1692a(6) of the Act and has personal involvement in the actions challenged in this lawsuit.

8. Defendant Jimmy Newton is employed as "Director of Operations" of Defendant Lee Law Offices and is himself engaged in the business of collecting debts due or alleged to be due to others across the state of Nebraska. Mr. Newton is a "debt collector" as that term is contemplated in § 1692a(6) of the Act and has personal involvement in the actions challenged in this lawsuit. Mr. Newton is not a lawyer and is not licensed to practice law in Nebraska.

9. Defendants are all entities or individuals who contributed to, or participated in, or authorized, and/or implemented the policies and procedures regarding the acts complained of or conspired with the other named Defendants to

commit the acts complained of which caused injuries to the Plaintiff and the class.
Each Defendant acted as principal and agent, each of the other, and combined and
concurred each with the others in committing the acts complained of herein.

10.     At all times relevant hereto, each of the Defendants were, and are
now, the agent, servant, employee and /or other representative of the other
Defendant and in doing the things herein alleged, were acting within the scope,
purpose and authority of such agency, service, employment and/or other
representative capacity with the permissions, knowledge, consent and ratification
of the other Defendant.

## IV. FACTUAL ALLEGATIONS

11.     On or about November 8, 2017, Defendants mailed their standard
initial collection letter dated November 8, 2017,  to Plaintiff Timothy J. Shanahan,
Jr., in an attempt to collect a debt allegedly owed to DC CENTRE.  A true and
correct copy of said collection letter and enclosed voluntary appearance form is
attached hereto as Exhibit A and incorporated herein by this reference.

12.     Exhibit A was the initial communication from Defendants to Mr.
Shanahan, Jr. regarding this matter.

13.     Mr. Shanahan, Jr. did not receive Exhibit A until sometime after
November 8, 2017.

14.     On or about November 8, 2017, Defendants mailed their standard

initial collection letter dated November 8, 2017  to Plaintiff Molli M. Larsen in an attempt to collect a debt allegedly owed to DC CENTRE.  A true and correct copy of said collection letter and enclosed voluntary appearance form is attached hereto as Exhibit B and incorporated herein by this reference.

15.     Exhibit B was the initial communications from Defendants to Ms. Larsen regarding this matter.

16.     Ms. Larsen did not receive Exhibit B until sometime after November 8, 2017.

17.      Mr. Shanahan, Jr.'s and Ms. Larsen's alleged Debt was incurred primarily for personal, family, or household purposes – rental of facilities for a cancelled wedding reception.  (Hereinafter "the Debt")

18.     Defendants' Exhibits A and B demand payment of the alleged Debt "within thirty (30) days of the date of this letter" on threat of "filing of legal action."

19.     In small print at the bottom of Exhibits A and B it is stated: "Unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; ... that if the consumer notifies the debt collector in writing within the thirty- day period that the debt, or any portion thereof, is disputed,…"

20.     This language confuses and misleads an unsophisticated consumer

because the consumer is unable to determine whether the 30 days runs from the date of the letter or the receipt of the letter.

21.    Mr. Shanahan. Jr. and Ms. Larsen were confused by <u>Exhibits A & B</u>.

22.    Defendants' <u>Exhibits A and B</u> further state:

> <u>In the event that suit is filed: In order to prevent the county</u>
> <u>sheriff from serving you with a summons at your residence or</u>
> <u>place of business, you may opt to complete the enclosed</u>
> <u>Voluntary Appearance.</u>

(Underlining in the original.)

23.    The letters, <u>Exhibits A and B</u>, each included a *Voluntary Appearance And Waiver Of Service Of Summons* under the caption: In The County Court of Sarpy County, Nebraska, *DC Centre v. Molli M Larsen and Timothy Joseph Shanahan Jr.* and includes this language: "This _____day of _____, 2016." No lawsuit was filed against them in 2016.

24.    Mr. Shanahan, Jr. and Ms. Larsen had not been sued by DC CENTRE on November 8, 2017.

25.    Mr. Shanahan, Jr. and Ms. Larsen were not sued by DC CENTRE until January 15, 2018. They were actually sued in the County Court of Douglas County, despite the Voluntary Appearance denoting Sarpy County Court.

26.    The Voluntary Appearance form confuses and misleads an unsophisticated consumer because the consumer is unable to determine whether a

lawsuit has been filed against them.

27.    The Defendants' November 8, 2017 letters also state: "If suit is filed, you may be ordered to pay the balance in full plus any court ordered interest and/or costs and attorney fees."

28.    This language is misleading as attorney fees and interest can only be awarded after a judgment and only for certain types of accounts.

29.    The letter also states: "Post-judgment enforcement efforts include  but are not limited to: wage garnishment, bank account garnishment and liens on your property."

30.    Defendants' Exhibits A and B were signed by Defendant Jimmy Newton.

31.    Mr. Newton is not a licensed Nebraska lawyer.

32.     The letters, Exhibits A and B contain no identification of Mr. Newton's  actual position at LEE LAW OFFICE.

33.     Defendant Jimmy Newton directed the preparation and sending of Exhibits A and B.

34.     Defendant Dennis P. Lee is owner and operator of Defendant Lee Law Offices who created, directed, and supervised the use of Exhibits A and B.

35.     Mr. Shanahan, Jr. and Ms. Larsen were confused by Exhibits A and B because they believed the letters were from and signed by an attorney.

7

## V.  DEFENDANTS' ROUTINE PRACTICES

36.     It is and was Defendants' routine practice to send collection letters in the form of Exhibit A and B to Nebraska residents.

37.     It is Defendants' policy and practice to demand payment of the alleged Debt "within thirty (30) days of the date of this letter" on threat of "filing of legal action."

38.     It is the Defendants' routine policy to send Nebraska residents a Voluntary Appearance form which appears under a caption of a Nebraska lawsuit which had not been filed.

39.     It is Defendants' routine practice to send Nebraska residents letters in the form of Exhibits A and B, signed by non lawyer Defendant Newton, which threaten legal action, giving the consumer the false implication that Mr. Newton is a lawyer or that the communication is from an attorney.

## VI.   CLASS ALLEGATIONS

**FDCPA CLASS**

40.     This action is brought as a class action on behalf of a class defined as: (i) all persons with addresses in Nebraska (ii) to whom Defendants sent, or caused to be sent, a letter in the form of Exhibit A or B (iii) in an attempt to collect an alleged obligation (iv) which, as shown by the nature of the alleged obligation, Defendants' records, or the records of the original creditors, was primarily for

personal, family, or household purposes (v) during the one year period prior to the date of filing this action.

**NCPA CLASS**

41.    This action is brought as a class action on behalf of a class defined as: (i) all persons with addresses in Nebraska (ii) to whom Defendants sent, or caused to be sent, a letter in the form of Exhibit A or B (iii) in an attempt to collect an alleged obligation (iv) which, as shown by the nature of the alleged obligation, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes (v) during the four years period prior to the date of filing this action.

42.    On information and belief based on Defendants' use of letters in the form of Exhibit A or B the class is so numerous that joinder of all members is impractical.

43.    There are questions of law and fact common to the class which predominate over any issues involving only individual class members. The principal questions are whether Defendants' letters in the form of Exhibits A and/or B violate 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(3) § 1692e(10), and § 1692g(a) and the NCPA.

44.    Plaintiffs' claims are typical of the class members. All are based on the same facts and legal theories.

9

45.    Plaintiffs will fairly and adequately represent the interests of the class members.

46.    Plaintiffs have retained counsel experienced in handling class actions and debt collection abuse cases.

47.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Individual cases are not economically feasible.

48.    Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

> (a)    The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and

> (b)    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

49.    Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate. Defendants have acted in a uniform manner toward the class thereby making injunctive and declaratory relief appropriate pursuant to the NCPA.

50.    Plaintiffs request the Court to certify a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## VII.   COUNT I -- <u>FAIR DEBT COLLECTION PRACTICES ACT</u>

51.     Plaintiffs repeat, reallege and incorporate by reference the foregoing paragraphs.

52.     Defendants' letters in the form of <u>Exhibits A and/or B</u> violate 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e (3), § 1692e(10), and § 1692g(a).

**WHEREFORE**, Plaintiffs request that this Court certify the class and enter judgment for Plaintiffs and the class members against the Defendants:

(a)     Awarding  damages to the Plaintiffs and the class as provided by 15 U.S.C. § 1692k(a)(2);

(b)     Awarding Plaintiffs and the class their costs and reasonable attorneys' fees;

(c )    Declaring the challenged practices herein to be unlawful under the Act; and

(d)     Granting such other and further relief as may be deemed just and proper.

## VIII. COUNT II – <u>CONSUMER PROTECTION ACT</u>

53.     Plaintiffs incorporate by reference the allegations contained above as if the same were here set forth at length.

54.     Each Defendant is a "person" engaged in "Trade or Commerce" as those terms are contemplated in the Consumer Protection Act, Neb.Rev.Stat. § 59-

1601.

55.     Defendants' acts of misrepresenting the thirty (30) day period within which to dispute the debt  and to whether a lawsuit has been filed constitute unfair or deceptive acts or practices, in violation of Neb.Rev.Stat. § 59-1602. The collection of any amounts as a result of said acts also constitute unfair or deceptive acts or practices, in violation of Neb.Rev.Stat. § 59-1602.

56.     Defendants' act of failing to inform Nebraska residents that in order to obtain to dispute or obtain verification of the alleged the request or dispute must be made within thirty (30) days from the receipt of its initial letter pursuant to 15 U.S.C. § 1692g(a) constitute unfair or deceptive acts or practices, in violation of Neb.Rev.Stat. § 59-1602. The collection of any amounts as a result of said acts also constitute unfair or deceptive acts or practices, in violation of Neb.Rev.Stat. § 59-1602.

57.     Defendants' acts of sending a voluntary appearance prior to a lawsuit and sending a letter on law firm letterhead signed by a non-lawyer,  constitute unfair or deceptive acts or practices, in violation of Neb.Rev.Stat. § 59-1602. The collection of any amounts as a result of said acts also constitute unfair or deceptive acts or practices, in violation of Neb.Rev.Stat. § 59-1602.

58.     These violations cause financial injury to the Plaintiffs and the Class thus bringing this claim is in the public interest.

12

WHEREFORE, Plaintiffs request that judgment be entered for themselves and the class against Defendants for:

      A.    Damages, pursuant to Neb.Rev.Stat. §59-1609;

      B.    Injunctive relief pursuant to the NCPA;

      C.    Declaratory relief that Defendants' practices violate the NCPA;

      D.    Costs and reasonable attorneys' fees pursuant to Neb.Rev.Stat. §59-1609;

      E.    Such other and further relief as the Court deems just and equitable.

## IX.    **JURY DEMAND**

Plaintiffs Timothy J. Shanahan, Jr. and Molli M. Larsen demand a trial by jury of all claims so triable in Omaha, NE.

March 23, 2018

Timothy J. Shanahan, Jr. and Molli
M. Larsen, on behalf of themselves
and all others similarly situated,
Plaintiffs,


By: */s/ William L. Reinbrecht*

William L. Reinbrecht, #20138
Pamela A. Car #18770
Car & Reinbrecht, P.C., LLO
2120 South 72nd St., Suite 1125
Omaha, NE 68124
1 (402) 391-8484
Fax: 1 (402) 391-1103
E-mail: billr205@gmail.com

and

O. Randolph Bragg
Horwitz, Horwitz& Associates
25 East Washington Street, Suite 900
Chicago, Illinois 60602
(312) 372-8822
(312) 372-1673 (facsimile)
rand@horwitzlaw.com

ATTORNEYS FOR PLAINTIFFS
AND THE PUTATIVE CLASS