IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| TIMOTHY J. SHANAHAN JR., and MOLLI M. LARSEN, on behalf of themselves and all others similarly situated; | 8:18CV129 |
|---|---|
| Plaintiffs, | PROTECTIVE ORDER |
| vs. | |
| LEE LAW OFFICES, DENNIS P. LEE, and JIMMY NEWTON, | |
| Defendants. | |

This matter is before the Court on the party's Joint Motion and Stipulation for Protective Order ([Filing No. 23](#)).

The parties to this action have agreed that the defendants will produce certain records which are confidential or proprietary documents. Those records include, but are not limited to, the financial condition and net worth of each of the defendants. Based on the Joint Stipulation of the parties,

**IT IS ORDERED** that the Joint Motion and Stipulation for Protective Order ([Filing No. 23](#)) is granted, and the Court hereby enters the Protective Order under the terms and conditions set forth below:

1. Production of Records by Defendants. The defendants will produce documents reflecting the net worth and financial condition of each of the defendants, pursuant to this Protective Order.

2. Confidential Information. All documents and every portion thereof produced by defendants that relate to the financial condition and net worth of the defendants shall constitute CONFIDENTIAL information for the purposes of this Order and shall be used by the receiving party only for the preparation for and conduct of proceedings herein and not for any business or other purpose whatsoever.

3. Qualified Recipients. For the purposes of this Order, and subject to the provisions of this paragraph 6, persons authorized to receive "CONFIDENTIAL" information (hereinafter "qualified recipient") shall include **only:**

(a) Legal counsel representing the defendants and legal counsel representing the plaintiffs, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel:

(b) court reporters who take and transcribe testimony, as well as necessary secretarial and clerical assistants;

(c) consulting or testifying expert witnesses who have either licensure or certification to practice in Nebraska in a field related to accounting or debt collection;

(d) any mediator retained by the parties in an effort to mediate and/or settle the claims of this action.

4. Maintenance of Confidentiality. CONFIDENTIAL information shall be held in confidence by each qualified recipient to whom it is disclosed; shall be used only for purposes of this action and shall not be disclosed to any person who is not a qualified recipient. Each party, each qualified recipient, and all counsel representing any party, shall use their best efforts to maintain all produced CONFIDENTIAL information in such a manner as to prevent access, even at hearing or trial, by individuals who are not qualified recipients.

5. Copies. CONFIDENTIAL information shall not be copied or otherwise reproduced by the receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further Order of the Court. However, nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests, and analyses of CONFIDENTIAL information under the terms of this Order.

6. Filing Under Seal. All documents of any nature (including any of the foregoing documents as well as any other documents, including, but not limited to, briefs, motions, memoranda, transcripts, and the like) that are filed with the Court for any purpose and that contain CONFIDENTIAL information shall be filed in sealed envelopes or other sealed containers marked with the title of the action and generally identifying each document and thing therein, and bearing a statement substantially in the following form:

<u>CONFIDENTIAL</u>
<u>DO NOT OPEN WITHOUT ORDER OF THE COURT</u>

For the convenience of the parties, the Clerk, and the Court, any filing containing both CONFIDENTIAL information and non-confidential material may be filed entirely under seal.

7. Depositions. The following procedures shall be followed at all depositions to protect the integrity of all CONFIDENTIAL information:

(a) Only qualified recipients may be present at a deposition in which CONFIDENTIAL information is disclosed or discussed.

(b) All testimony elicited during a deposition at which CONFIDENTIAL information is disclosed or discussed is deemed to be CONFIDENTIAL information.

8. Trial. Prior to the trial of this action, the attorneys for the parties shall meet and attempt to agree on an appropriate form of order to submit to the Court regarding the confidential

status, if any, to be afforded documents, testimony or other information disclosed during the course of the trial.

9. Return or Destruction of Documents. Upon final termination of this proceeding, including all appeals, each party shall at its option destroy or return to the producing party all original materials produced and designated as CONFIDENTIAL information, and shall destroy, in whatever form stored or reproduced, all other materials including, but not limited to, pleadings, correspondence, memoranda, notes and other work product materials that contain or refer to CONFIDENTIAL information. This Protective Order shall survive the final termination of this action, and shall be binding on the parties and their legal counsel at all times in the future.

10. Modification. This Order is entered without prejudice to the right of any party to apply to the Court for additional protection, or to relax or rescind any restrictions imposed by this Order when convenience or necessity requires.

11. Additional Parties to Litigation. In the event additional parties join or are joined in this action, they shall not have access to CONFIDENTIAL information until the newly joined party, by its counsel, has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Stipulated Order.

12. DESIGNATING PROTECTED MATERIAL

12.1 Exercise of Restraint and Care in Designating Material for Protection:
Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent practicable, the Designating Party must designate for production only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.
If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

12.2 Manner and Timing of Designations: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.
Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affixes the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).
A Party or non-party that makes original documents or materials available for inspection need not designate them for production until after the inspecting Party has indicated which

material it would like copied and produced. During the inspection and before designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the document it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party may identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. Otherwise, deposition testimony is to be treated as confidential for thirty (30) days after receipt of the transcript by the parties, at which time any confidential designations shall be made. Confidentiality designations of protected testimony given in any hearing or at trial shall be identified on the record before the close of the hearing or trial in which the testimony was given unless otherwise agreed by the parties.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

12.3 <u>Inadvertent Failures to Designate</u>: If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

13. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

13.1 <u>Timing of Challenges</u>: Any Party or Non-Party may challenge a designation of confidentiality within 60 days from receipt of the documents designated confidential. In the event the information designated confidential is later produced in some publicly available format, the sixty (60) day period for challenging the designated confidential information starts again from the date of publication.

13.2 <u>Meet and Confer</u>: The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or

establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      13.3 <u>Judicial Intervention</u>: If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Fed.R.Civ.P. 5.2 (and in compliance with NECivR 7.5 and NEGenR 1.3(c), if applicable) within 21 days of initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

      The burden of persuasion in any challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g. to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

      14. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

      If a Party is served with a subpoena or an order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

      (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

      (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

      (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

      If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order is issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in this Court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

15. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. [The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

16. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" (Exhibit A).

17. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosures of a communication or information covered by the attorney-client privilege or work product

protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**IT IS SO ORDERED.**

Dated this 30th day of August, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

## ATTACHMENT "A"

## AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the case captioned, *Timothy J. Shanahan, Jr. and Molli M. Larsen v. Lee Law Offices, Dennis P. Lee and Jimmy Newton,* Case No. 8:18-CV-129, and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Nebraska in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____     _____
                          Signature